# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GERARDO RIVERA,

              Plaintiff,

   v.

BRIAN REES, et al.,

              Defendants.

_____/

CASE NO. 1:05-CV-00038-REC-LJO-P

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF ACTION,
WITH PREJUDICE, FOR FAILURE TO
STATE ANY CLAIMS UPON WHICH RELIEF
MAY BE GRANTED

(Doc. 1)

I.    Findings and Recommendations Following Screening of Complaint

      A.    Screening Requirement

      Plaintiff Gerardo Rivera ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 10, 2005.

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this

1  standard, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg.</u>

2  <u>Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most

3  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395

4  U.S. 411, 421 (1969).

5       B.   <u>Plaintiff's Claims</u>

6       Plaintiff is presently housed at Avenal State Prison.  Plaintiff is seeking monetary damages

7  and injunctive relief against prison staff for acting with deliberate indifference to his serious medical

8  needs, in violation of the Eighth Amendment.  Plaintiff names Dr. Brian Rees, Dr. Perry, Registered

9  Nurse Sedley, Dr. Sacks, Nancy Erly, N. Grannis, and K. Mendoza-Powers as defendants in this

10 action.

11      1.   <u>Medical Care</u>

12      In his complaint, Plaintiff alleges that he was seen by Defendant Dr. Perry on October 7,

13 2003, for stress.  On October 9, 2003, Defendant Dr. Rees administered Ketoralac/Toradol, and

14 prescribed Naproxyn.  Plaintiff alleges he "had an adverse reaction to the combined medications

15 which developed into a massive dermatological hemorrage and papule type infections." (Comp., §

16 IV.)  On October 14, 2003, Plaintiff was prescribed Silvadene cream to apply to the rash, and

17 Tylenol for thirty days.  In addition, Plaintiff was medically unassigned for thirty days.  Plaintiff

18 alleges that he was informed by the Mexican Consular that he had shingles in his chest wall.

19 Plaintiff alleges that from October 7, 2003 until March 17, 2004, he was not diagnosed with shingles.

20 Plaintiff alleges that as a result of the deliberate indifference to his medical needs, he suffered

21 irreparable damage to his skin.  Plaintiff also alleges that he has been subject to mental abuse.

22      To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

23 conditions must involve "the wanton and unnecessary infliction of pain."  <u>Rhodes v. Chapman</u>, 452

24 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an

25 Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

26 civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

27 indifference in doing so.'"  <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett</u>

28 <u>v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in

1  a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

2  inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may

3  be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"

4  or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d

5  1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,

6  1136 (9th Cir. 1997) (en banc).

7      "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060

8  (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from

9  which the inference could be drawn that a substantial risk of serious harm exists,' but that person

10  'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official

11  should have been aware of the risk, but was not, then the official has not violated the Eighth

12  Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada,

13  290 F.3d 1175, 1188 (9th Cir. 2002)).

14      Plaintiff has not alleged any facts that give rise to a claim for relief under section 1983 for

15  violation of the Eighth Amendment. Plaintiff's exhibits establish that Plaintiff was seen by medical

16  personnel during the time period in question. "A difference of opinion between a prisoner-patient

17  and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin

18  v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). Rather, to state a claim

19  under section 1983, Plaintiff must allege facts that support a claim that "the course of treatment the

20  doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this

21  course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90

22  F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). Because Plaintiff has not alleged any fact

23  that would support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk

24  to [Plaintiff's] health or safety," Farmer v. Brennan, 511 U.S. at 837, the Court recommends that

25  this claim be dismissed, with prejudice.

26  ///

27  ///

28  ///

2.    Inmate Appeals Process

In his complaint, Plaintiff sets forth the chronology of his pursuit of the inmate appeal concerning his medical care.  Plaintiff alleges that his appeal was not properly addressed by staff and the response was overdue at several levels of the process.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.  Buckley, 997 F.2d at 495.

Defendants' actions in responding to Plaintiff's appeal do not give rise to a claim for relief under section 1983.  Accordingly, the Court recommends that this claim be dismissed, with prejudice.

C.    Conclusion

The Court has reviewed Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  Because Plaintiff's claim stems from his disagreement with the treatment of his medical condition, which is not actionable under section 1983, the Court recommends that this action be dismissed, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

///

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2  1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5  **Dated:    February 21, 2006**              **/s/ Lawrence J. O'Neill**
   b9ed48                                     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28